## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| _____ | ) | CIVIL ACTION NO. 04-C-5863 |
| AAF-MCQUAY, INC. | ) |  |
| D/B/A AAF INTERNATIONAL, | ) | JUDGE NORGLE |
| Plaintiff, | ) |  |
|  | ) | MAGISTRATE JUDGE VALDEZ |
| v. | ) |  |
|  | ) |  |
| FILTRATION GROUP, INCORPORATED | ) |  |
| Defendant. | ) |  |
| _____ | ) |  |

## PLAINTIFF'S REPLY TO DEFENDANT'S
## FIRST AMENDED COUNTERCLAIMS

Plaintiff, AAF-McQuay, Inc. d/b/a AAF International, by counsel, for its Reply to

Defendant, Filtration Group, Incorporated's, First Amended Counterclaims states as follows:

## FIRST COUNTERCLAIM FOR DECLARATORY
## JUDGMENT OF NON-INFRINGEMENT

### ALLEGATION NO. 1:

This counterclaim is for a Declaratory Judgment declaring the '653 Patent not infringed by Defendant arising under the patent laws of the United States, 35 U.S.C. §1, *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, *et seq*.

### ANSWER:

With regards to paragraph 1 of the First Counterclaim, Plaintiff admits that the Counterclaim purports to state a claim under the patent laws of the United States and the Federal Declaratory Judgment Act, but denies Defendant's contention that it does not infringe the '653 Patent.

### ALLEGATION NO. 2:

The jurisdiction of this Court over this Counterclaim is based upon 28 U.S.C. §§ 1331, 1338(a), 2201 and 2202 and upon Rule 13 of the Federal Rules of Civil Procedure.

### ANSWER:

Plaintiff admits the allegations of paragraph 2 of the First Counterclaim.

**ALLEGATION NO. 3:**

Venue in this Court is proper pursuant to 28 U.S.C. § 1391, and Plaintiff, by virtue of having brought this suit against Defendant, has submitted itself to the jurisdiction of this Court.

**ANSWER:**

Plaintiff admits the allegations of paragraph 3 of the First Counterclaim.

**ALLEGATION NO. 4:**

Plaintiff claims to be the owner of the '653 Patent and has brought suit against Defendant herein for alleged infringement of said patent.

**ANSWER:**

Plaintiff admits the allegations of paragraph 4 of the First Counterclaim.

**ALLEGATION NO. 5:**

An actual case or controversy exists between Plaintiff and Defendant based upon Plaintiff having filed the Complaint against Defendant.

**ANSWER:**

Plaintiff admits the allegations of paragraph 5 of the First Counterclaim.

**ALLEGATION NO. 6:**

Defendant has not infringed any valid claims of the '653 Patent. There is, therefore, a substantial, actual and continuing controversy between Defendant and Plaintiff with respect to the non-infringement of the '653 Patent.

**ANSWER:**

With regards to paragraph 6 of the First Counterclaim, Plaintiff admits that there is an actual controversy between Defendant and Plaintiff, but denies Defendant's contention that it does not infringe the '653 Patent.

**ALLEGATION NO. 7:**

This case is exceptional under 35 U.S.C.§285.

**ANSWER:**

Plaintiff denies the allegations of paragraph 7 of the First Counterclaim.

**ALLEGATION NO. 8:**

Defendant has been injured and damaged by Plaintiff's filing of the Complaint in the present case asserting a patent that is not infringed.

**ANSWER:**

Plaintiff denies the allegations of paragraph 8 of the First Counterclaim.

## SECOND COUNTERCLAIM FOR DECLARATORY JUDGMENT OF INVALIDITY

**ALLEGATION NO. 1:**

The foregoing allegations of the First Counterclaim are incorporated herein by reference as though fully set forth at length herein.

**ANSWER:**

Plaintiff answers this paragraph 1 of the Second Counterclaim by fully incorporating herein its answers to the allegations of the First Counterclaim.

**ALLEGATION NO. 2:**

This Counterclaim is for a Declaratory Judgment declaring that the '653 Patent is invalid and unenforceable arising under the patent laws of the United States, 35 U.S.C. §1, *et seq*., and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

**ANSWER:**

With regards to paragraph 2 of the Second Counterclaim, Plaintiff admits that the Counterclaim purports to state a claim under the patent laws of the United States and the Federal Declaratory Judgment Act, but denies Defendant's contention that the '653 Patent is invalid and unenforceable.

**ALLEGATION NO. 3:**

On information and believe, the '653 Patent is invalid and void under the provisions of 35 U.S.C. §102 and is unenforceable, as set forth specifically in the Second Affirmative Defense of this First Amended Answer to which this Counterclaim is appended, all of which is incorporated herein by reference. The inventors identified in the '653 patent did not invent the subject matter patented, nor did they make any invention or discovery, either novel, original, or otherwise, within the meaning of United States Code, Title 35.

**ANSWER:**

Plaintiff denies the allegations of paragraph 3 of the Second Counterclaim.

**ALLEGATION NO. 4:**

There is, therefore, a substantial, actual and continuing controversy between Defendant and Plaintiff with respect to the invalidity and unenforceability of the '653 Patent.

**ANSWER:**

With regards to paragraph 4 of the Second Counterclaim, Plaintiff admits that there is an actual controversy between Defendant and Plaintiff, but denies Defendant's contention that the '653 Patent is invalid and unenforceable.

**ALLEGATION NO. 5:**

This case is exceptional under 35 U.S.C. §285.

**ANSWER:**

Plaintiff denies the allegations of paragraph 5 of the Second Counterclaim.

**ALLEGATION NO. 6**:

Defendant has been injured and damaged by Plaintiff's filing of the Complaint in the present case asserting a patent that is not infringed.

**ANSWER:**

Plaintiff denies the allegations of paragraph 6 of the Second Counterclaim.

**THIRD COUNTERCLAIM FOR DECLARATORY
JUDGMENT FOR INVALIDITY**

**ALLEGATION NO. 1:**

The foregoing allegations of the First and Second Counterclaims are incorporated herein by reference as though fully set forth at length herein.

**ANSWER:**

Plaintiff answers this paragraph 1 of the Third Counterclaim by fully incorporating herein its answers to the allegations of the First and Second Counterclaims.

**ALLEGATION NO. 2:**

This Counterclaim is for a Declaratory Judgment declaring that the '653 Patent is invalid and unenforceable rising under the patent laws of the United States, 35 U.S.C. §1, *et seq.*, and the Federal Declaratory Judgment Act, 28 U.S.C. §2201, *et seq.*

**ANSWER:**

With regards to paragraph 2 of the Third Counterclaim, Plaintiff admits that the Counterclaim purports to state a claim under the patent laws of the United States and the Federal Declaratory Judgment Act, but denies Defendant's contention that the '653 Patent is invalid and unenforceable.

**ALLEGATION NO. 3:**

On information and belief, the '653 Patent is invalid and void because of inequitable conduct in its procurement and is unenforceable.

**ANSWER:**

Plaintiff denies the allegations of paragraph 3 of the Third Counterclaim.

**ALLEGATION NO. 4:**

Specifically, the duty of candor and good faith in dealing with the United States Patent and Trademark Office was violated in that the material information known to at least the named inventors and/or other persons associated with the filing and prosecution of the application which was led to the issuance of the '653 patent intentionally was not disclosed to the United States Patent and Trademark Office. Such material information is set forth specifically in the Second Affirmative Defense of this First Amended Answer to which this Counterclaim is appended, all of which is incorporated herein by reference.

**ANSWER:**

Plaintiff denies the allegations of paragraph 4 of the Third Counterclaim. In addition, Plaintiff states that the allegations of paragraph 4 of the Third Counterclaim are not in conformance with the requirements of Fed. R. Civ. P. 9 and therefore insufficient as a matter of law.

**ALLEGATION NO. 5:**

This case is exceptional under 35 U.S.C. §285.

**ANSWER:**

Plaintiff denies the allegations of paragraph 5 of the Third Counterclaim.

**ALLEGATION NO. 6:**

Defendant has been injured and damaged by Plaintiff's filing of the Complaint in the present case asserting a patent that is not infringed.

**ANSWER:**

Plaintiff denies the allegations of paragraph 6 of the Third Counterclaim.

All allegations in the Counterclaims not expressly admitted are hereby denied.

**AFFIRMATIVE DEFENSES**

1.      The Defendant's Counterclaims fail to state a claim upon which relief can be granted.

2.      The Defendant's Counterclaims of invalidity based upon inequitable conduct are insufficient as a matter of law because the Defendant has failed to plead such with particularity as set forth in Fed. R. Civ. P. 9.

WHEREFORE, Plaintiff respectfully demands:

A.      That the First Amended Counterclaims be dismissed, with prejudice, and that Defendant take nothing thereby;

B.      That the Court grant Plaintiff the relief requested in the Complaint filed herein;

C.      That the Court award Plaintiff its costs, including reasonable attorneys' fees, incurred in this action; and

D.      That the Court award Plaintiff such other and further relief as the Court may deem just and proper.

Respectfully submitted,


   s/ Marcus J. Thymian

James R. Higgins, Jr.
Robert J. Theuerkauf
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville, Kentucky  40202-3410
(502) 584-1135
(502) 561-0442 (Facsimile)

David M. Frischkorn
S. Richard Carden
Marcus J. Thymian
MCDONNELL BOEHNEN HULBERT &
BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
(312) 913-0001
(312) 913-0002 (Facsimile)

COUNSEL FOR PLAINTIFF, AAF-MCQUAY,
INC. D/B/A AAF INTERNATIONAL

<u>CERTIFICATE OF SERVICE</u>

It is hereby certified that a copy of the foregoing Plaintiff's Reply to Defendant's First Amended Counterclaim was served, via first class U.S. mail, postage prepaid, upon Angelo J. Bufalino, Thomas R. Dee and Michael J. Turgeon, Vedder, Price, Kaufman & Kammholz, P.C., 222 North LaSalle Street, Suite 2600, Chicago, Illinois 60601-1003, Counsel for Defendant, this 16th day of March, 2006.

_s/ Marcus J. Thymian_____

COUNSEL FOR PLAINTIFF, AAF-MCQUAY, INC. D/B/A AAF INTERNATIONAL