**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| FILTRATION GROUP, INC. )<br>)<br>  Realigned Plaintiff, )<br>)<br>v. )<br>)<br>AAF-MCQUAY, INC. )<br>d/b/a AAF International, Inc. )<br>)<br>  Realigned Defendant. )<br>) | Civil Action No. 04 C 5863<br>Judge Charles R. Norgle, Sr.<br>Magistrate Maria Valdez |

**AAF'S OPPOSITION TO FILTRATION GROUP'S
MOTION TO VOLUNTARILY DISMISS COUNTERCLAIM**

Realigned Defendant AAF-McQuay, Inc. d/b/a AAF International ("AAF"), by counsel, opposes the motion of realigned Plaintiff, Filtration Group, Incorporated ("Filtration"), to voluntarily dismiss its counterclaim without prejudice [D.E. 119], on the following grounds:

**1.  Filtration's current motion is no more than a renewed albeit disguised motion for continuance.**

On January 26, 2007, Filtration filed a motion to continue the trial of this case [D.E. 114], then set to begin March 6, 2007. The Court denied that motion on February 2, 2007 [D.E. 116]. The very next "pleading" filed by Filtration was the present motion [D.E. 119] to dismiss its counterclaim without prejudice. If the Court grants Filtration's motion to dismiss without prejudice, Filtration will have succeeded in avoiding the Court's trial date.

### 2. Filtration's Motion to Dismiss is Filed Merely to Avoid Trial on a Case it Can't Win.

Filtration's counterclaim [D.E. 62] asserts that AAF's U.S. Patent No. 6,254,653 ("the '653 Patent") "is invalid and void … under … 35 U.S.C. § 102 [(f) and/or (g)] and is unenforceable" on a single factual ground[1], improper inventorship [D.E. 62, page 12, ¶ 3]. Filtration alleges that an employee of Vita Nonwovens PLLC, Rebecca Frazier, is the "true inventor" of the '653 Patent, which AAF denies. This single issue is simple to try (requiring likely less than three full days), yet Filtration has not even taken Ms. Frazier's deposition[2] (nor any deposition) in this case, despite the fact that Filtration filed its counterclaim almost a year ago, on March 2, 2006. Moreover, Ms. Frazier has assigned any interest she may have contributed to the '653 Patent to AAF (*see* Exhibit A attached hereto). Given the burden of challenging inventorship (*see* immediately below), and the fact of Ms. Frazier's assignment, Filtration's motion to dismiss seeks to avoid trial.

The '653 Patent is presumed valid, 35 U.S.C. § 282, which presumption goes to the patent as a whole, *Hybritech, Inc. v. Monoclonal Antibodies Inc.*, 802 F.2d 1367, 1375 (Fed. Cir. 1986). Consequently, under § 282 the inventor(s) named on the '653 Patent are presumed correct and AAF as patentee need introduce no evidence to "prove" they are the proper inventors[3]. *Massey v. Del Labs, Inc.* 118 F.3d 1568, 1573 (Fed. Cir. 1997); *accord, Avia Group, Int'l, Inc. v. L.A. Gear Calif.,*

---

1 Thus, when Filtration claims it would be "defenseless" in any future litigation under the '653 Patent if its counterclaim is not dismissed without prejudice, that is not correct. The only issue that would be precluded would be the single inventorship issue raised in Filtration's counterclaim. Filtration, or any party, could raise any of the myriad defenses to a claim of patent infringement available under 35 U.S.C. §§ 101, 102, 103 or 112.

2 Ms. Frazier's deposition was scheduled for February 15, 2007 in Raleigh North Carolina, but Filtration canceled that deposition on February 14 and that same day filed its motion to dismiss.

3 This is why AAF has taken no depositions in the case. However, AAF was fully prepared to examine Ms. Frazier at her scheduled deposition before it was canceled by Filtration.

2

*Inc.*, 853 F.2d 1557, 1562 (Fed. Cir. 1988). Instead, Filtration as challenger to the inventorship bears a "heavy" burden, satisfied only by clear and convincing evidence. *Hess v. Advanced Cardiovascular Sys., Inc.*, 106 F.3d 976, 980 (Fed. Cir. 1997).

Further, improper inventorship is viewed as a "technical defect," not favored in the law. *Canon Computer Systems, Inc. v. Nu-Kote Int'l, Inc.*, 134 F.3d 1085, 1089 (Fed. Cir. 1998). In fact, the patent statute expressly allows correction of inventors, 35 U.S.C. § 256, rather than declaring the patent invalid, so long as there is no deceptive intent in naming or omitting inventors. Given [a] the law under § 256; and [b] the required burden of clear and convincing evidence; and [c] the fact that AAF possesses Ms. Frazier's assignment *if* upon trial the Court were to find Ms. Frazier did have inventive input into the '653 Patent[4], it is obvious Filtration filed its motion to avoid trial.

**3. Dismissal of Filtration's Counterclaim Without Prejudice Does Not Protect AAF From Re-litigation of the Same Issue (Alleged Invalidity of AAF's '653 Patent Due to Improper Inventorship) Presented in Filtration's Counterclaim, so Filtration's Counterclaim Should be Dismissed *With Prejudice*.**

Earlier, AAF sought to dismiss its infringement claim [D.E. 85] after AAF learned through discovery from Vita that Filtration's NovaPleat product used 100% low melt bi-component fibers. Filtration vigorously objected to dismissal without prejudice, stating that it feared AAF would simply file suit at another time. In denying AAF's motion to dismiss without prejudice, the Court said it was important that dismissal of the infringement claims be accomplished in a way "thus barring relitigation of them." [D.E. 96, Statement, line 13]. Here, Filtration seeks the very action it so fiercely opposed, *i.e.*, to dismiss its counterclaim without prejudice. But if that occurs, Filtration will be free to assert lack of or improper inventorship in any future proceeding regarding the '653

---

4  AAF stands ready to establish at trial that Ms. Frazier had no inventive input to the '653 Patent. That is why the

Patent. In deciding a motion to dismiss without prejudice under Fed.R.Civ.P. 41(a)(1), a court is required to focus on protection of the adverse party's interest. *See Moser v. Universal Engineering Corporation*, 11 F.3d 720, 723 (7th Cir. 1993) ("at a plaintiff's request, a case may be dismissed by order of court, and the court may impose any terms or conditions that it deems proper <u>for the protection of the defendant's interests</u>.")(emphasis supplied). Here, barring relitigation of Filtration's inventorship counterclaim is just as important to AAF as barring relitigation of AAF's infringement claims against Filtration's current NovaPleat composition was to Filtration.

The only action that will fully protect AAF from re-litigation is for the Court to dismiss Filtration's counterclaim <u>with prejudice</u>. *See Ratkovich v. Smith Kline*, 951 F.2d 155 (7th Cir. 1991) (district court did not abuse discretion by dismissing case with prejudice, where plaintiff had shown lack of diligence in pursuing evidence to support claims alleged in complaint).

Here, Filtration has taken no steps to secure any proof of the allegations in counterclaim. In contrast, when AAF learned of Filtration's counterclaim, it expended considerable effort to contact and discuss matters with Vita, and through those efforts AAF reached agreements with both Vita and Ms. Frazier (*see* Exhibit A). Through discovery from AAF, Filtration knows about the Vita settlement and the Frazier assignment, but <u>still</u> stated it wished to pursue its counterclaim. Thus, it seems that the only place where the Vita settlement and the Frazier assignment will protect AAF is in court as part of a trial on the merits of Filtration's counterclaim. If the Court dismisses Filtration's counterclaim without prejudice as requested, even having Ms. Frazier's assignment will not bar Filtration from challenging the '653 Patent under the same grounds.

---

assignment is conditional (*see* Exhibit A, first Recital, "… may have invented or contributed to the invention…").

4

Under these circumstances, Filtration should be given a choice, withdraw its motion and go to trial on its counterclaim, or accept dismissal with prejudice. *See Marlow v. Winston & Strawn*, 19 F.3d 300, 304 (7th Cir. 1994)(fundamental notions of fairness suggest that the court "giv[e] the plaintiff the opportunity to withdraw his motion and proceed to trial."). AAF submits that a dismissal with prejudice is certainly called for to protect AAF from re-litigation of the same "improper inventorship" allegations.

4. **Likewise, Dismissal of Filtration's Counterclaim Without Prejudice, But With the Imposition of Costs, Does Not Protect AAF From Re-litigation of the Inventorship Issue.**

During the hearing of February 16, 2007, the Court indicated that dismissing Filtration's counterclaim without prejudice, but with the imposition of costs payable by Filtration to AAF, might remedy any prejudice to AAF. AAF submits that, for same reasons just stated, imposition of costs would not adequately protect AAF from re-litigation of the '653 Patent for the same issue raised in Filtration's counterclaim. If the Court in its discretion determines to take that approach, AAF reminds the Court that under Seventh Circuit authority, "costs" in such situations as this includes attorney fees. *See Marlow, supra,* 19 F.3d at 303 ("Typically, a court imposes as a term and condition of dismissal that plaintiff pay the defendant the expenses he has incurred in defending the suit, which usually includes reasonable attorneys' fees.")(citation omitted).

Moreover, unlike dismissal of AAF's infringement complaint (where both parties unsuccessfully devoted efforts to settle the case rather than litigate[5]), in the present situation, AAF has actually had to defend Filtration's counterclaim. Specifically, AAF: gathered, reviewed, Bates-labeled and produced to Filtration over 10,000 documents; re-arranged witness schedules to be

---

5  *See* D.E. 96 ("The parties have engaged in protracted settlement negotiations without a final resolution.").

5

available for the March 6 trial (one of AAF's witnesses had to rearrange a scheduled a trip to China); prepared its pre-trial documents (scheduled to be ready and filed on February 20); as well as obtained hotel rooms for the trial (which are subject to a cancellation charge). Thus, attorney fees should be awarded for all efforts since AAF first moved to dismiss its infringement claims after it learned from Vita that Filtration's NovaPleat product was comprised of 100% low melt bi-component fibers.

## Conclusion

WHEREFORE, AAF requests that Filtration's motion to dismiss its counterclaim without prejudice be denied. Instead, Filtration should be given a choice between having its counterclaim dismissed with prejudice, or proceeding to trial.

Respectfully submitted,

 s/ Marcus J. Thymian_____
James R. Higgins, Jr.
Robert J. Theuerkauf
MIDDLETON REUTLINGER
2500 Brown & Williamson Tower
Louisville KY  40202
Phone:  (502) 584-1135
Fax:  (502) 561-0442

and

S. Richard Carden
Marcus J. Thymian
MCDONNELL BOEHNEN HULBERT
 & BERGHOFF LLP
300 South Wacker Drive
Chicago, Illinois 60606
Phone: (312) 913-0001
Fax:    (312) 913-0002

Counsel for Re-aligned Defendant (AAF)

**Certificate of Service**

I certify that on February 20, 2007, I caused the following AAF'S OPPOSITION TO FITRATION'S MOTION TO DISMISS WITHOUT PREJUDICE to be filed electronically with the Clerk of Court through ECF for the Northern District of Illinois – Eastern Division, and ECF will send an e-notice of the electronic filing to the following: mturgeon@vedderprice.com; tdee@vedderprice.com; abuffalino@vedderprice.com and all others authorized to receive filings electronically under said ECF rules and procedures.

Date: February 20, 2007          s/ Marcus J. Thymian_____
                                 Counsel for Re-aligned Defendant (AAF)